IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MELISSA LYNN RAMBOW**, | Case No. 3:16-cv-0796-PK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **NANCY A. BERRYHILL**, Commissioner of Social Security, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation ("F&R") in this case on August 31, 2017. ECF 21. Judge Papak recommended that the finding of the Commissioner of Social Security ("Commissioner") that Plaintiff is not disabled be affirmed.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection (ECF 23), to which Defendant responded. ECF 25. Plaintiff objects that the F&R: (1) failed to address Plaintiff's argument that the Administrative Law Judge ("ALJ") failed to comply with Social Security Rule ("SSR") 83-20; (2) improperly concluded that the ALJ did not err in failing to require a neurocognitive examination of Plaintiff; (3) improperly concluded that the ALJ did not err at step two in the five-step social security analysis; (4) improperly concluded that the ALJ did not err in evaluating the medical testimony; and (5) improperly concluded that the ALJ did not err in analyzing Plaintiff's subjective testimony. The Court has reviewed *de novo* these portions of the F&R, Plaintiff's objections, Defendant's response, the underlying briefing before Judge Papak, and the relevant portions of the administrative record. For the reasons discussed below, the F&R is adopted in part.

# DISCUSSION

## A. SSR 83-20

Plaintiff argued in her briefing before the Magistrate Judge that the ALJ erred by failing to comply with SSR 83-20. This alleged error was not addressed in the F&R.

SSR 83-20 requires, in relevant part,

> In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability.
>
> * * *
>
> *Precise Evidence Not Available—Need for Inferences*
>
> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.
>
> If reasonable inferences about the progression of the impairment cannot be made on the basis of the evidence in file and additional relevant medical evidence is not available, it may be necessary to explore other sources of documentation. Information may be obtained from family members, friends, and former employers to ascertain why medical evidence is not available for the pertinent period and to furnish additional evidence regarding the course of the individual's condition. . . . The impact of lay evidence on the decision of onset will be limited to the degree it is not contrary to the medical evidence of record.
>
> * * *
>
> The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful

activity) for a continuous period of at least 12 months or result in death. Convincing rationale must be given for the date selected.

SSR 83-20, *available at* 1983 WL 31249.

The Ninth Circuit has "explained this ruling to mean that '[i]n the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.'" *Sam v. Astrue*, 550 F.3d 808, 810 (9th Cir. 2008) (alterations in original) (quoting *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991)). To trigger the procedures required in SSR 83-20, either the ALJ must make an explicit finding of disability or the record must contain substantial evidence showing that the claimant was disabled at some point after the date last insured, thus raising a question of onset date. *Id.* at 810-811.

Here, the ALJ made the requisite explicit finding of disability, finding Plaintiff disabled as of March 1, 2013. This finding, however, was based on medical inferences. The ALJ does not cite to any specific medical record in making this finding, but merely notes generally that the medical records support a March 1, 2013 onset date. There are, however, medical records from early 2012 showing a significant progression of Plaintiff's multiple sclerosis. Accordingly, the medical evidence is not definite, the onset date is based on medical inferences, and the requirements of SSR 83-20 were triggered. Thus, the ALJ was required to call upon the services of a medical advisor to establish Plaintiff's disability onset date. The ALJ erred by failing to do so.

**B. Evaluation of the Opinion of Dr. Kevin Jamison, M.D.**

The Court does not adopt the portion of the F&R relating to the ALJ's evaluation of the opinion of Plaintiff's treating physician, Dr. Jamison. The ALJ noted Dr. Jamison's opinions

PAGE 4 – OPINION AND ORDER

relating to Plaintiff's limitations and the ALJ applied some of those limitations to Plaintiff's RFC after March 1, 2013, but did not include those limitations in Plaintiff's RFC applying before that date. Because the Court has found that the ALJ erred in choosing the March 1, 2013 disability onset date without using a medical advisor, the Court finds the ALJ erred in applying Dr. Jamison's limitations only to March 1, 2013 and after.

Moreover, Dr. Jamison opined to limitations that were not included in either RFC, including that Plaintiff's attention and concentration would be impaired 10 percent of the work week and that her symptoms would interfere with her attention and concentration required to perform simple work tasks for up to one-third of a workday. Although the ALJ noted these limitations, because they were not included in either RFC, they were effectively rejected. The ALJ, however, did not provide any reason for rejecting or discounting Dr. Jamison's opinion. The Commissioner argues that the opinions of Dr. Jamison's not included in the RFC were properly rejected because they were contradicted by the state examining physicians and because the ALJ discussed all of the relevant medical evidence and then made her findings.

Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.*; see also 20 C.F.R. § 404.1527(d)(2). Even if the treating physician's testimony is contradicted by substantial evidence, "[i]n many cases [it] will [nonetheless] be entitled to the greatest weight and should be adopted, even [though] it does not meet the test for controlling weight." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007)

An ALJ may reject the testimony of a treating physician in favor of the contradictory testimony of a non-treating doctor only if the ALJ provides "specific and legitimate" reasons that are supported by substantial evidence in the record. *Holohan*, 246 F.3d at 1202. The ALJ must, however, still give deference to the treating physician's opinion and weigh it according to the factors prescribed in 20 C.F.R. § 404.1527, including the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship. § 1404.1527(c). Here, the ALJ provided no reason for rejecting Dr. Jamison's opinion. Contrary to the Commissioner's argument, the ALJ made no specific finding regarding why she was not including Dr. Jamison's limitations. Nor did the ALJ apply any of the § 404.1527 factors. Because the ALJ failed properly to evaluate Dr. Jamison's testimony or to provide specific and legitimate[1] reasons for rejecting it, the rejection was in error, even if the record contained contradictory testimony from a non-treating doctor.

**C. Remaining Objections**

The Court has reviewed Plaintiff's remaining objections to the F&R—that Judge Papak erred in his conclusions regarding the ALJ's alleged errors in failing to obtain a neurocognitive examination, failing to find additional severe impairments at step two, evaluating the medical testimony of Dr. Cheryl Brichetto, and evaluating Plaintiff's subjective testimony. The Court agrees with Judge Papak's reasoning and analyses and adopts these portions of the F&R.

**D. Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246

---

[1] Plaintiff argues that the ALJ needed to provide "clear and convincing" reasons. Because the Court finds that the ALJ did not provide even the lower standard of "specific and legitimate" reasons, the Court does not reach Plaintiff's argument that the appropriate standard under the circumstances of this case is clear and convincing.

F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). The United States Court of Appeals for the Ninth Circuit articulates the rule as follows:

> The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual matters have been resolved. In conducting this review, the district court must consider whether there are inconsistencies between the claimant's testimony and the medical evidence in the record, or whether the government has pointed to evidence in the record that the ALJ overlooked and explained how that evidence casts into serious doubt the claimant's claim to be disabled. Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.
>
> If the district court does determine that the record has been fully developed and there are no outstanding issues left to be resolved, the district court must next consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. Said otherwise, the

> district court must consider the testimony or opinion that the ALJ improperly rejected, in the context of the otherwise undisputed record, and determine whether the ALJ would necessarily have to conclude that the claimant were disabled if that testimony or opinion were deemed true. If so, the district court may exercise its discretion to remand the case for an award of benefits. A district court is generally not required to exercise such discretion, however. District courts retain flexibility in determining the appropriate remedy and a reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.

*Dominguez v. Colvin*, 808 F.3d 403, 407-08 (9th Cir. 2015) (internal citations and quotation marks omitted).

Because the record is not fully developed and Plaintiff's disability onset date needs to be determined with the assistance of a medical advisor, the Court finds that additional proceedings are necessary. Accordingly, remand for an award of benefits is not appropriate.

## CONCLUSION

The Findings and Recommendation (ECF 21) is ADOPTED IN PART, as discussed in this Opinion and Order. The Commissioner's decision that Plaintiff is not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED.**

DATED this 26th day of September, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge